**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4367**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MARQUETTE TERRELL JONES,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (5:09-cr-00015-F-1)

Submitted:  May 31, 2011          Decided:  June 14, 2011

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George Edward Bell Holding, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marquette Terrell Jones pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g) (2006). The district court sentenced Jones to 115 months in prison. Jones now appeals, contending that his sentence is unreasonable. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that there are no meritorious issues for review. Jones was advised of his right to file a pro se supplemental brief, but has not filed such a brief. The Government moves to dismiss the appeal of the sentence on the basis of a waiver-of-appellate-rights provision in Jones' plea agreement. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if the waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

2

After reviewing the record, we conclude that Jones knowingly and voluntarily waived the right to appeal his sentence, with the exception of a claim that his sentence is above the advisory Guidelines range. We note that the waiver provision was set forth in a separate paragraph of the plea agreement, which Jones signed. Further, he was fully questioned at the properly conducted Rule 11 hearing about the appeal waiver. Accordingly, the waiver is valid. Jones' claim on appeal that his sentence is unreasonable because the district court did not consider one argument made at sentencing falls within the scope of the waiver,[*] and we accordingly grant the Government's motion to dismiss this portion of the appeal.

With respect to Jones' conviction, our review of the transcript of the plea colloquy convinces us that the district court complied with the mandates of Fed. R. Crim. P. 11 in accepting Jones' guilty plea. The court ensured that the plea was voluntary, knowing, and supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). We therefore affirm the conviction.

In accordance with Anders, we have reviewed the entire record for meritorious issues and have found none. We therefore

---

[*] Jones was sentenced within his advisory Guidelines range of 110-120 months.

affirm Jones' conviction and dismiss his appeal of his sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>